UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RICHARD WALLACE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | No. 16-cv-12540-LTS |
| SUPERINTENDENT SEAN MEDEIROS, | ) ) ) | |
| Respondent. | ) ) | |

ORDER ON RESPONDENT'S MOTION TO DISMISS (DOC. NO. 20)

May 4, 2017

SOROKIN, J.

Petitioner Richard Wallace, a prisoner at the Massachusetts Correctional Institution in Norfolk, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Wallace filed his federal claims nearly six years after he pleaded guilty and received the sentence he wishes to challenge. Because both of his claims are untimely and one claim is moot, Wallace's petition is DISMISSED.

I.  BACKGROUND

On January 19, 2011, the day his case was scheduled for trial in Bristol County Superior Court, Wallace entered a guilty plea to unarmed burglary and larceny from a building. Commonwealth v. Wallace, 47 N.E.3d 53, 2016 WL 1065967, *1 (Mass. App. Ct. 2016) (unpublished). The charges arose from allegations that he broke into a home in Taunton during the night "and stole numerous items while the homeowner and her granddaughter were inside sleeping." Id. Notwithstanding Wallace's "extensive criminal record," as part of the negotiated

plea, the Commonwealth elected not to pursue the twenty-year mandatory-minimum sentence it had alleged should apply, and instead agreed to a sentence of time served, plus three years of probation.  Id.  Wallace also was ordered to pay restitution.  Id.  He made no effort to challenge any aspect of his plea or sentence in any court for more than eighteen months thereafter.  See id.; Doc. No. 6-1 at 9; Doc. No. 21-1 at 5.

In June 2012, Wallace was charged with new offenses after "a daytime breaking and entering . . . in which he was alleged to have stolen property from a residence and then led police on a chase through residential streets before jumping from his moving automobile and fleeing on foot."  Wallace, 2016 WL 1065967, at *1.  His new criminal charges led to the revocation of his probation and entry of a term of incarceration on the unarmed burglary charge to which he had pled guilty in 2011.  Id.  In August 2012, in the wake of the new charges, Wallace filed a pro se motion in state court in which he sought to challenge – for the first time – his January 2011 guilty plea based on claims of ineffective assistance of counsel.  Id.; Doc. No. 6-1 at 9.

Wallace's motion was denied in October 2014, Doc. No. 21-1 at 5, and his request for reconsideration by the trial court was denied on April 14, 2015, id. at 6.  Wallace appealed to the Massachusetts Appeals Court ("MAC"), which consolidated his appeals of the denial of his new-trial motion and his probation revocation.  Wallace, 2016 WL 1065967, at *1.  The MAC affirmed the Superior Court's determinations in all respects on March 17, 2016.  Id. at *1, *7.  The Supreme Judicial Court ("SJC") denied further review on June 30, 2016, Doc. No. 21-1 at 14, and Wallace did not seek certiorari in the United States Supreme Court.

In November 2016, Wallace filed motion in state court seeking to eliminate the restitution order that was part of his original sentence.  Doc. No. 21-1 at 6.  That motion was allowed, without objection by the Commonwealth, in February 2017.  Id.

Wallace signed his federal habeas petition on December 6, 2016, Doc. No. 1 at 16, and mailed it the following day, Doc. No. 6. The petition was docketed on December 12, 2016.[1] Doc. No. 1. It alleges ineffectiveness of plea counsel and challenges the constitutionality of his restitution order.[2] Id. at 6, 8. The respondent has moved to dismiss Wallace's petition, arguing it is untimely, and that the challenge to the restitution order is moot in light of the Superior Court's decision vacating it. Doc. No. 21. The respondent's analysis, which Wallace has not opposed,[3] is correct in both respects.

II. DISCUSSION

A. Untimeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on applications for writs of habeas corpus, and provides that such period "shall run from the latest of":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] It makes no difference, for present purposes, which of these dates in December 2016 is viewed as the petition's filing date. See Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999) (applying mailbox rule to pro se prisoner's federal habeas petition, explaining it generally is filed on the date it is deposited into the prison's internal mail system).

[2] Ground One actually contains multiple counsel-ineffectiveness claims, but the Court need not dissect the claim here. The timeliness analysis that follows is the same regardless whether Wallace seeks to present one or several challenges to plea counsel's performance.

[3] Wallace has not filed a response to the motion to dismiss, and the time for doing so has passed. See D. Mass. L.R. 7.1(b)(2) (requiring a party opposing a motion to file an opposition within fourteen days of service of the motion); Doc. No. 20 (reflecting filing of the motion to dismiss on April 6, 2017 and sent to Wallace via first-class mail on the same date).

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitation period is tolled by statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Wallace's judgment of sentence became final no later than February 18, 2011, when the thirty-day period for appealing his conviction and sentence to the MAC expired.[4] See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (holding that if direct review is not pursued through each level of the state courts, a judgment becomes final when the time for seeking the relevant level of appellate review expires); Mass. R. App. P. 4(b) (requiring notice of appeal in a criminal case to be filed "within thirty days after entry of the judgment or order appealed from"). Because Wallace's petition was filed several years later, it is untimely unless he qualifies for an alternative start date for his federal limitation period, see § 2244(d)(1)(B)-(D), or he establishes the limitation period was tolled.

---

[4] Because Massachusetts does not provide a right of direct appeal from a guilty plea, some sessions of this Court have reasoned that the judgment following a guilty plea becomes final on the date of the plea. E.g., Turner v. Massachusetts, No. 12-cv-12192-FDS, 2013 WL 3716861, at *2-3 (D. Mass. July 11, 2013). Here, the choice between the date of the plea and thirty days thereafter does not alter the timeliness analysis.

    One session of this Court has reasoned that motions for a new trial filed after guilty pleas constitute part of the direct review process in Massachusetts and, thus, concluded that the judgment in such a case becomes final for AEDPA purposes only after the state courts have concluded their review of the motion for a new trial. Mack v. Dickhaut, 770 F. Supp. 2d 429, 432-34 (D. Mass. 2011) (Tauro, J.). No other session of this Court has adopted that view. Like at least two other sessions to have considered it, this Court finds that such a rule would substantially undermine AEDPA's limitation provision and its purpose in cases involving guilty pleas, and would be inconsistent with the First Circuit's treatment of motions for new trials in other contexts. Turner, 2013 WL 3716861, at *3; Davis v. Roden, No. 11-cv-10694-MLW, 2013 WL 1339682, at *3 (D. Mass. Mar. 29, 2013); see also Seaver v. Spencer, No. 06-cv-11150-RWZ, 2007 WL 851245, at *2-3 (D. Mass. Mar. 20, 2007) (rejecting attempt to "incorrectly . . . extend the automatic delay provided in the statute for completion of *direct* review to the *collateral* review of [a] motion for a new trial").

Wallace has not claimed that any state action impeded his ability to file a timely federal habeas petition. Indeed, he was not incarcerated during the limitation period, so it is difficult to imagine how the state might have prevented him from asserting his federal challenges in a timely manner.[5] Furthermore, his challenges to counsel's performance and to the restitution order do not appear to rely on newly recognized constitutional rights or recently discovered factual predicates.[6] His petition, therefore, does not trigger a start date for his federal limitation period later than February 18, 2011.

Moreover, Wallace has not established that his limitation period was subject to statutory tolling, as the only state post-conviction proceedings he pursued were instituted in August 2012 – after his new arrest and probation violation, and six months after the federal limitation period already had expired. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding the statutory tolling provision is "no help" to a petitioner where the relevant state collateral filing occurred after the expiration of the one-year federal limitation period). Although Wallace ignores this fact by suggesting in his petition that his filing is timely because it was made within a year of the SJC's denial of review, Doc. No. 1 at 14, this Court is neither inclined nor empowered to disregard the time that elapsed before Wallace sought collateral review in state court, cf. note 4, supra.

---

[5] Although he was not in prison, the fact that Wallace was on probation during the relevant time period means he was "in custody" for federal habeas purposes and, therefore, could have filed a petition in this Court under § 2254. Jackson v. Coalter, 337 F.3d 74, 78-79 (1st Cir. 2003).

[6] Wallace was present at his change of plea hearing, was aware that key Commonwealth witnesses were unavailable for trial at that time, and confirmed his understanding of the elements the Commonwealth would be required to prove had the case gone to trial. Wallace, 2016 WL 1065967, at *1. Moreover, the right to effective assistance of counsel in the context of a guilty plea was clearly established long before Wallace entered his plea. See Hill v. Lockhart, 474 U.S. 52 (1985) (linking voluntariness of guilty plea to competency of counsel's advice, and applying standard from Strickland v. Washington, 466 U.S. 668 (1984), to habeas claims challenging plea counsel's performance).

The only avenue remaining for saving Wallace's untimely petition from dismissal is the doctrine of equitable tolling. A petitioner is entitled to equitable tolling of the one-year limitation period "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); accord Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010). "[E]quitable tolling 'is the exception rather than the rule.'" Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Delaney, 264 F.3d at 14); see Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (noting equitable tolling is only "rare[ly]" appropriate).

The diligence standard required by the doctrine of equitable tolling is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653 (internal citations and quotations omitted). Extraordinary circumstances, for these purposes, require more than "'garden variety' or 'excusable neglect,'" id. at 651, but less than gross negligence coupled with "'bad faith, dishonesty, divided loyalty, mental impairment, or so forth on the lawyer's part,'" id. at 649 (quoting Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008)). As the petitioner, Wallace "bears the burden of establishing a basis for equitable tolling." Trapp, 479 F.3d at 59.

As he has neither opposed the motion to dismiss nor meaningfully addressed the timeliness issue raised therein, Wallace has failed to identify any circumstances warranting equitable tolling here. The Court's review of the parties' submissions – including Wallace's petition – has uncovered no such extraordinary circumstances. There simply is no basis on the record before the Court to conclude that Wallace was justified in waiting until he violated his generous probationary sentence, and faced incarceration, before endeavoring to challenge his guilty plea and sentence. Although his incentive to challenge the original proceedings surely

6

increased with that change in circumstances, Wallace has offered no excuse – let alone a reasonable or legally significant one – for the tardiness of his petition. Cf. Trapp, 479 F.3d at 60 ("In applying the equitable tolling doctrine, an important factor is the reason for the late filing."); Turner, 2013 WL 3716861, at *3 (emphasizing AEDPA's focus on "achieving finality and prompt habeas review"). Under these circumstances, Wallace has not satisfied his burden of demonstrating that he was reasonably diligent or that extraordinary circumstances warrant invocation of the doctrine of equitable tolling here.

Accordingly, the time-limiting provisions of the AEDPA require that Wallace's entire petition be dismissed with prejudice.

B. Mootness

In addition to being untimely, Wallace's second claim is moot. He filed his federal petition, and included a challenge to the constitutionality of his restitution order, while litigation he initiated attacking that order was pending in state court. Wallace ultimately prevailed in that litigation, and the Superior Court vacated the relevant restitution requirement, thereby nullifying the order he alleged was unconstitutional in Ground Two of his petition. See Doc. No. 1 at 8; Doc. No. 21 at 6. Under these circumstances, there is no "case or controversy" to be resolved as to the restitution order, because Wallace no longer "suffer[s], or [is] threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" resolving Wallace's second claim. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990); see Spencer v. Kemna, 523 U.S. 1, 7 (1998) (applying Lewis in the federal habeas context).

As such, Wallace's federal constitutional attack on the restitution order is moot and, thus, Ground Two is subject to dismissal with prejudice on this basis as well.

III.   CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss Wallace's federal habeas petition (Doc. No. 20) is ALLOWED, and the petition (Doc. No. 1) is DISMISSED with prejudice.[7]

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge

---

[7] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), in light of the above discussion, no certificate of appealability shall issue. The Superior Court's decision vacating the restitution order challenged in one of Wallace's claim, and the considerable untimeliness of Wallace's petition (along with his total failure to justify it) permit no disposition besides dismissal.